FRANK H. EDWARDS, Respondent, *v.* LAWRENCE M. MOORE and Another, Appellants.

Fourth Department, November 9, 1928.

*Clarence L. Crabb* [*Wilbur A. Porter* of counsel], for the appellants.

*Breen, Reeves & Smith* [*George W. Reeves* of counsel], for the respondent.

CLARK, J.   This action was brought to foreclose a land contract executed by the parties on the 31st day of December, 1918.

By the terms of this contract plaintiff sold to defendants a tract of land in the city of Watertown for the consideration of $5,000. Defendants paid $1,600 of the purchase price in cash and agreed to pay the balance by assuming a mortgage of $3,400, which was a lien on the property, and was held by a Mr. Armstrong.   By the terms of the contract the second parties (these defendants) agreed to keep the premises insured in the sum of at least $3,500.

No evidence was taken on the trial but the court directed a judgment of foreclosure based on the pleadings and on statements of counsel as to the claims of the respective parties.

It appears that up to the date when this contract was made the title of the property was in the City National Bank of Watertown, and that on said date the bank conveyed it to plaintiff, who in turn sold it to defendants by the written contract above referred to.

On the 1st day of December, 1920, the Armstrong mortgage, which was a lien on the property when plaintiff took title, was assigned to plaintiff.

The court found that on the 20th day of October, 1921, at defendants' request, plaintiff joined with them in a mortgage covering their premises to the Watertown Savings, Building and Loan Association for the sum of $4,200, and that plaintiff discharged the Armstrong mortgage at defendants' request.

The defendants deny that the Armstrong mortgage was discharged at their request, and they urge that there is no evidence to support the finding to the contrary.

While there is no direct evidence on that point, I think the inference was permissible that defendants requested plaintiff to discharge the mortgage, for he had joined with them in executing the loan association mortgage, and it may be assumed that the loan association would not loan $4,200 on this property until the prior Armstrong mortgage was out of the way.

There is a dispute between the parties with regard to the disposition of the proceeds of the loan association mortgage, plaintiff claiming that $3,000 thereof was applied to the use and benefit of defendants, and that $1,200 thereof was applied on the indebtedness represented by the Armstrong mortgage, and that left a balance of $2,200 due plaintiff on the purchase price of the property, and the court so found.

As a defense the defendants alleged in their answer that at the time the City National Bank conveyed the property to plaintiff it was insured in the sum of $3,500, the loss, if any, payable to Mr. Armstrong, the mortgagee, and that at the time the contract between the parties was made plaintiff told defendants that the property was insured for $3,500 to take care of the Armstrong mortgage and that the insurance company had consented to the transfer to him when he took over the property and that defendants would be obliged to pay the *pro rata* premium for the unexpired term of such insurance; that defendants thereupon paid to plaintiff $16 for such unearned premium, relying on plaintiff's statement that the insurance policy to protect the Armstrong mortgage was valid and in force, whereas said statements so made by plaintiff were false, for he had not had the insurance transferred when there was a change in the ownership of the property, and the policy by its terms became void; that subsequently and in June, 1921, a fire occurred resulting in great loss, and after that defendants first ascertained that plaintiff had failed to have the insurance changed when he took title to the property, and the insurance company refused to pay defendants' share of the loss because the company had not consented to the change of ownership from the City National Bank to plaintiff.

Defendants claim that as a result of plaintiff's failure to attend

to the transfer of the insurance policy as he stated he had done the loss occasioned from the fire was not paid and the Armstrong mortgage indebtedness was not liquidated as it would have been if the insurance had been kept in force.

The defendants demanded judgment that plaintiff account for the moneys he had received from the mortgage given to the loan association and that he be required to pay said association to apply on the mortgage given by plaintiff and defendants moneys which he received and retained from the proceeds of said mortgage, and that he be required to account for all moneys he had received from defendants on account of the Armstrong mortgage and pay the same to the loan association to apply on its mortgage.

The trial court held as a matter of law that the answer did not state a defense and directed judgment on the pleadings of foreclosure of the Armstrong mortgage.

I think the answer set forth facts which, if we assume them to be true, were sufficient to constitute a defense.

If it is true that plaintiff failed to have the insurance transferred when he took over the property from the bank, and he told defendants that he had attended to that matter, and at his request they paid him sixteen dollars for the unearned premium, when in fact he had not transferred the insurance, and that defendants had no knowledge that the property was not insured until there was a fire and they suffered loss and damage through plaintiff's neglect to do something he represented to them he had done, the court has the power to right the wrong.

Defendants ought at least to have the opportunity to produce their proofs and not be summarily thrown out of court without a hearing. If they can establish the facts as alleged in their answer, in justice and good conscience plaintiff might be held to be estopped from enforcing the collection of the Armstrong mortgage, or the contract which represented the same indebtedness. (*Witherell* v. *Kelly*, 195 App. Div. 227; 21 C. J. 1113; *Parmely* v. *Showdy*, 86 Misc. 634.)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.